UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CASEY REED DUPUIS AND                    CIVIL ACTION NO. 6:15-CV-02135
LRC ENERGY, LLC

VERSUS                                   JUDGE DOHERTY

ERICA LISCO AND                          MAGISTRATE JUDGE HANNA
WELLS FARGO BANK, N.A.


## MEMORANDUM  RULING

Currently pending before the Court is the motion to remand (Rec. Doc. 8), which was filed by the plaintiffs, Casey Reed Dupuis and LRC Energy, LLC.  The motion is opposed.  Oral argument was held on October 27, 2015.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

### BACKGROUND

This lawsuit originated in the 27th Judicial District Court, St. Landry Parish, Louisiana.  On July 16, 2015, the plaintiffs, Casey Reed Dupuis and LRC Energy, LLC, filed a petition for damages and injunctive relief against Erica Lisco and Wells Fargo Bank, NA.  (Rec. Doc. 1-1 at 11-17).  In the petition, the plaintiffs alleged that Ms. Dupuis was the sole member of LRC, that Ms. Lisco worked for the company as an independent contractor, and that Ms. Lisco converted money that was owed to the

company by advising a client to submit payments to a Wells Fargo bank account rather than the Chase bank account to which payments had previously been made, allegedly resulting in financial injury to the company and Ms. Dupuis.  The plaintiffs allege that the amount converted exceeded $1 million.

On August 3, 2015, the plaintiffs filed a supplemental and amending petition. (Rec. Doc. 2-1 at 1-6).  The amended petition adds LRC as a defendant and states that "[t]his is styled as a derivative action as Casey Dupuis is trying to protect LRC. . ." (Rec. Doc. 2-1 at 1).

On August 4, 2015, Ms. Lisco removed the action to this Court.  (Rec. Doc. 1). The next day, she filed an amended notice of removal (Rec. Doc. 2 at 1), alleging that she was unaware, at the time of removal, that the plaintiffs' petition had been amended and stating that she had not yet been served with the amended petition.

Ms. Lisco removed the suit to this forum on that basis that the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.  In her amended removal notice, she also contended that LRC's citizenship need not be considered because it was improperly joined as a defendant in the lawsuit and, even if properly joined as a defendant, is a nominal party.  The plaintiffs moved for remand on the basis that the parties are not diverse in citizenship and the removal is procedurally flawed.

## THE CONTENTIONS OF THE PARTIES

In support of their motion to remand, the plaintiffs argue that the parties are not diverse in citizenship, that LRC was not fraudulently joined as a defendant in the lawsuit, that defendant LRC is not a nominal party, and that the defendants did not unanimously consent to removal.

Ms. Lisco argues, to the contrary, that the requirements for diversity jurisdiction are satisfied in this case, that LRC's citizenship need not be considered because it was improperly joined as a defendant, and that, even if properly joined, LRC, in its capacity as a defendant, is a nominal party whose citizenship need not be considered.

## ANALYSIS

Federal courts exercise limited jurisdiction.[1]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[2]  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[3]  The removal statute is therefore to be strictly construed, and any doubt

---

[1]      *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]      *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[3]      *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[4]   Similarly, any ambiguities must be construed against removal.[5]   To determine whether jurisdiction is present for removal, the court must consider the claims in the state court petition as they existed at the time of removal.[6] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[7] Therefore, when a lawsuit is removed from state court, as this suit was, the removing party must bear that burden.[8]   Accordingly, Ms. Lisco, the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

Ms. Lisco removed this action under 28 U.S.C. § 1332, the statute concerning diversity jurisdiction.  To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in

---

[4]      *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[5]      *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[6]      *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d at 723, citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

[7]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[8]      *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

28 U.S.C. § 1332 are satisfied."[9]  Subject-matter jurisdiction is evaluated at the time of removal.  Therefore, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."[10]

Because the petition alleges that Ms. Lisco converted over $1 million in money owed to the company, it is facially apparent that the amount-in-controversy requirement is satisfied in this case, and the plaintiffs do not argue that the amount in controversy is less than the jurisdictional threshold.  Therefore, the court finds that the monetary requirement for diversity jurisdiction is satisfied.

However, Ms. Lisco has not satisfied the statute's citizenship requirement.  The jurisdictional statute that Ms. Lisco is relying upon, 28 U.S.C. § 1332(a), requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant.[11] When a lawsuit is initiated, it is sufficient for the plaintiff to allege the citizenship of the parties.  Once subject-matter jurisdiction is challenged, however, the party invoking the court's diversity jurisdiction has the burden of *proving* that complete

---

[9]    *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[10]    *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

[11]    *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003), citing *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

diversity of citizenship exists.[12]  Therefore, the burden is on Ms. Lisco to *prove* the citizenship of each and every person or entity that was a party to the suit at the time of removal.

The lawsuit, as originally filed, had four parties, two plaintiffs – Casey Dupuis and LRC Energy, LLC – and two defendants – Erica Lisco and Wells Fargo Bank, NA.  When the original petition was amended, LRC was added as a defendant.

The original petition alleges that Ms. Dupuis is domiciled in Louisiana.  (Rec. Doc. 1-1 at 11).  The petition was verified (Rec. Doc. 1-1 at 17), and Ms. Dupuis submitted an affidavit in support of her motion to remand, which reiterates the fact that she is a Louisiana domiciliary.  (Rec. Doc. 8-3 at 1).  The citizenship of a natural person is determined by the state in which she is domiciled.[13]  Therefore, the verified allegation in the original petition, combined with affidavit testimony, establishes that Ms. Dupuis is a Louisiana citizen.

There is no allegation in the original petition regarding Ms. Lisco's citizenship, although a Florida address was provided as her service address.  The citizenship of a natural person is determined by the state in which she is domiciled, and domicile is a combination of both a person's residence and her intent to remain there

---

[12]     *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988); *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97, 97 (5th Cir. 1999).

[13]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

permanently.[14]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[15]  But the petition does not allege that Ms. Lisco resides at the address given.  It merely alleges that she can be served at that address.  Therefore, the original petition does not establish Ms. Lisco's citizenship.  In her removal notice, however, Ms. Lisco alleged that she is a Florida citizen (Rec. Doc. 1 at 1), and she reiterated that allegation in her memorandum opposing the motion to remand (Rec. Doc. 15 at 2).  That allegation will be accepted as evidence of her citizenship.

In the original petition, it is alleged that plaintiff LRC Energy, LLC is a limited liability company incorporated in the State of Louisiana with its principal place of business in St. Landry Parish, Louisiana.  This is insufficient to establish the citizenship of the company.  Although a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business,[16] the rule regarding limited liability companies is different.  A limited liability company is a citizen of every state in which any member of the company is a citizen,[17] and "the

---

[14]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571.

[15]     *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[16]     28 U.S.C. § 1332(c)(1).

[17]     See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

citizenship of a LLC is determined by the citizenship of *all* of its members."[18] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[19]  Ms. Dupuis contends that she is the sole member of LRC.  If so, then LRC is a citizen of Louisiana only.  But Ms. Lisco contends that she is also a member of LRC.  If so, then LRC is a citizen of both Louisiana and Florida.  Ms. Lisco has the burden of proving that this Court has subject-matter jurisdiction.  Therefore, she has the burden of proving LRC's citizenship.  This, she has not done.

In her removal notice, Ms. Lisco denied the allegation that Ms. Dupuis is the sole member of LRC (Rec. Doc. 1 at 1), and she argued that LRC's citizenship should be determined on the basis of the allegations set forth in the plaintiffs' petition (Rec. Doc. 1 at 1).  Ms. Lisco reiterated this argument in her opposition to the plaintiffs' motion to remand, arguing that the plaintiffs are bound by the allegations set forth in their petitions.  (Rec. Doc. 15 at 3).  Given the well-settled law applied to the  the

---

[18]      *Harvey v. Grey Wolf*, 542 F.3d at 1080.  [Emphasis added.]

[19]      See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members).  See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

allegations of the petition, it is beyond dispute that the allegations are insufficient to establish the citizenship of the LLC (as well as Ms. Lisco). Therefore, this argument lacks merit because it ignores the fact that Ms. Lisco has the burden of *proving*, by a preponderance of the evidence, the citizenship of the parties.

At the oral argument on this motion, Ms. Lisco's counsel represented that Ms. Lisco is a member of the LLC and that he has documentation from the government supporting his representation.  Yet, he argued in open court that this evidence need not be presented with regard to the instant jurisdictional issue.  The undersigned finds this troubling at least and disingenuous at best.  As the removing party and the party invoking this Court's jurisdiction, Ms. Lisco cannot rest on the plaintiffs' insufficient allegations as to the citizenship of the parties.  Although she has the burden of proving the citizenship of all of the parties to the suit, she argued inconsistent positions with regard to material facts.  In at least one other case from this district, a court provided with contradictory evidence and inconsistent evidence regarding the facts relevant to a party's citizenship concluded that the party submitting the evidence had "failed to carry its burden to support removal and defeat remand."[20]  That same conclusion is inescapable in this case.  Ms. Lisco has not proven that the parties are

---

[20]    *Fogleman v. Meaux Surface Prot., Inc.*, No. 07-1485, 2008 WL 4001861, at *7 (W.D. La. Aug. 27, 2008).

diverse in citizenship.  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."[21]

The Court need not reach the arguments concerning whether defendants Wells Fargo Bank, NA and LRC are nominal parties whose citizenship can consequently be disregarded and whether LRC was improperly joined as a defendant in the lawsuit and its citizenship can consequently be disregarded in that context and any further discussion of them is pretermitted.  Similarly, the Court need not reach the plaintiffs' argument that the removal was procedurally flawed.  Since the Court finds that Ms. Lisco failed to meet her burden of proving that removal based on diversity jurisdiction was proper, the motion to remand must be granted.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand (Rec. Doc. 8 ) is GRANTED, and this action will be remanded to the 27th Judicial District Court, St. Landry Parish, Louisiana.

Signed at Lafayette, Louisiana, on October 27, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[21]    *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

-10-